THE STATE OF MISSOURI, Respondent, v. W. H. PHILLIPS *et al.*, Appellants.

St. Louis Court of Appeals, April 19, 1892.

Criminal Law: OPEN AND GROSS LEWDNESS: SUFFICIENCY OF THE EVIDENCE. The evidence in this cause is considered, and *held* insufficient to support a conviction for the crime charged, which was open and gross lewdness.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED (*and defendants discharged*).

No brief filed by either appellants or respondent.

THOMPSON, J.—This was an indictment for open and notorious lewdness under section 3798 of the Revised Statutes. The entire section is as follows: "Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with

each other, and every person, married or unmarried, who shall be guilty of open, gross lewdness, or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor." The charging part of the indictment is in the following language: "Were then and there guilty of open, gross lewdness, grossly scandalous, to-wit, were then and there guilty of openly having sexual intercourse with each other, the said W. H. Phillips then and there being a married man, and the said Celia Ann Phillips being then and there an unmarried woman." The defendants were convicted and sentenced to pay a fine of $10 each, and they appeal to this court. No assignment of error nor any statement or brief has been filed by the defendants or by the state. Nevertheless, it becomes our duty to examine the record under the mandate of the following statute: "No assignment of error, or joinder in error, shall be necessary upon any appeal or writ of error in a criminal case, issued or taken pursuant to the foregoing provisions of this article; but the court shall proceed upon the return thereof without delay, and render judgment upon the record before them." R. S., sec. 4297.

Proceeding to examine the record under this statute we find that the evidence discloses the following state of facts: The female defendant was the divorced wife of H. D. Phillips, and the male defendant was the brother of H. D. Phillips. The male defendant was a married man, who lived on a farm with his wife and five or six children. The female defendant lived in a log house with her three children about a half a mile from the house of the male defendant. He and his wife were frequent visitors at the house of the female defendant. H. D. Phillips had been in the habit of watching the house of the female defendant (his

divorced wife), and he testifies that he had even lain near the house all night, and had seen his brother, the male defendant, come out of the house in the morning. The only evidence of the act on which the indictment is predicated was evidence to the effect that in the daytime H. D. Phillips, having had occasion to go near the house of the female defendant to look for his cattle, and suspecting that his brother, the male defendant, was in the house, climbed up on the outside of the house, which was a log house, to the height of two or three logs from the ground, and looked through an aperture or hole in the chinking, and saw defendants on the bed together in the act of adultery. The house was a log house and had no windows. It was lined inside with clap-boards, and the door was closed. This was not an act of open lewdness within the terms of the statute, and within the language of the indictment, but it was an act of secret adultery.

Another attempt was made on the part of the state to support the indictment by evidence tending to show that, while the two defendants were riding together in a wagon on a public highway, the wife of the male defendant and others being in the wagon with them, the male defendant put his arm around the shoulder of the female defendant and kissed her. This evidence was contradicted by the evidence of the wife of the defendant and by the defendants themselves; but, although the jury may have believed it, it did not tend to show an act of open, gross lewdness or lascivious behavior, or of open and notorious public indecency, grossly scandalous, within the meaning of the statute.

A large mass of other testimony was put in, which was incompetent and irrelevant to the issues. The state put in evidence, in chief, the bad character of the defendants for morality in the neighborhood in which they lived, and the counsel for defendants did not see

fit to object to it and to save an exception. We do not refer to this error for the purpose of intimating that, in the absence of an exception properly taken and saved, we could make it a ground of disturbing the judgment, but rather for the purpose of emphasizing our conclusion on the whole record, that the parties seem to have been tried and convicted upon neighborhood rumor and neighborhood prejudice, rather than upon any evidence of any act done in violation of any clause of the statute under which the indictment was drawn.

It is ordered that the judgment be reversed, and the defendants discharged. All the judges concur.